IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-05113-RTG

JACINTO BAMAC MATOM,

Applicant,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

ORDER TO FILE SECOND AMENDED HABEAS APPLICATION

---

This matter comes before the Court on the *pro se* amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed *pro se* by Applicant Jacinto Bamac Matom on October 26, 2026. Mr. Matom is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado.

The Court must construe the amended application liberally because Mr. Matom is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Mr. Matom will be ordered to file a second amended habeas application.

## I. BACKGROUND

Mr. Matom is a native and citizen of Guatemala who entered the United States through the southern border in 2012. (ECF No. 4 at 2). He has been in immigration

detention since August 5, 2026. (*Id.*). Mr. Matom appeared for a bond hearing on August 12, 2026, and was denied bond. (*Id.*). He states that "immigration proceedings are ongoing" and his "individual immigration hearing is scheduled for October 28, 2026." (*Id.*). He alleges that he is not subject to a final order of removal. (*Id.*).

Mr. Matom asks the Court to "examine whether his continued detention complies with applicable statutory and constitutional requirements, including whether the procedures governing his detention provide adequate safeguards against prolonged or unlawful confinement." (*Id.* at 2). He "challenges the legality and duration of his detention and requests release subject to reasonable terms of supervision." (*Id.* at 2, 4). Mr. Matom does not request a new bond hearing. (*Id.* at 4).

## II. DISCUSSION

Habeas corpus relief is warranted only if Mr. Matom "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In the amended application, Mr. Matom asserts that his continued detention since August 5, 2026 is unlawful and requires his immediate release from custody, but he does not state sufficient facts to show that his detention violates federal law.

Under Habeas Rules 2(c)(1) and 2(c)(2), Mr. Matom must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead

with particularity is to assist the district court in determining whether the [Government] should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Matom states that he is not subject to a final order of removal. Therefore, the facts alleged in the amended application indicate that he is detained pursuant to 8 U.S.C. § 1226. Under Section 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen detained under § 1226(a) generally is eligible for release on bond and may request a custody redetermination hearing before an immigration judge to determine whether he or she should be released during the removal process. If a habeas petitioner is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an immigration judge's discretionary decision to deny bond under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

Section 1226(e) does not foreclose from review a legal or constitutional challenge to the statutory framework or process used to reach that determination. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517

(2003). However, Mr. Matom makes no argument in his pleadings that the process he received - notice, opportunity to present evidence, representation by counsel, a reasoned decision – was not adequate. Furthermore, he does not seek a new bond hearing in his request for relief.

Mr. Matom will be directed to file a second amended application in which he must allege facts to show a violation of his federal statutory or constitutional rights such that he is entitled to the relief he requests. Mr. Matom should include factual allegations concerning the circumstances of his arrest by immigration officials, and whether he was living in the United States under an order of supervision at the time of his arrest. The second amended application should include all factual allegations that support the claims for relief he is asserting.

**III. CONCLUSION**

Accordingly, it is

ORDERED that Applicant Jacinto Bamac Matom shall file, **within thirty (30) days from the date of this order,** a second amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Mr. Matom shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov.

It is

FURTHER ORDERED that if Mr. Matom fails to file a second amended habeas application as directed within the time allowed, this action may be dismissed without prejudice.

DATED October 27, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge